USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JONATHAN EINHORN,

             Plaintiff,

   -v.-

HARRIETT E. BEST and PATRICIA BEST,

             Defendants.
------------------------------------------------------------X

10 Civ. 9377 (JSR) (JLC)

REPORT AND
RECOMMENDATION

(Non-ECF Case)

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Jed S. Rakoff, United States District Judge:**

Harriett E. Best and Patricia Best (the "Bests"), proceeding pro se, filed a notice of removal pursuant to 28 U.S.C. § 1446(a) on December 16, 2010, attempting to remove a fully litigated foreclosure action from the Supreme Court of the State of New York, New York County (Index No. 06-118791) (the "Foreclosure Action") to this Court. For the reasons set forth below, I recommend that the Court remand this action to state court.

## BACKGROUND

On January 6, 2005, Patricia Best signed a promissory note payable to Jonathan Einhorn ("Einhorn") in the amount of $160,000, plus interest as provided therein; the note was secured by a mortgage on the property at 276 West 113th Street, New York, New York (the "Property"). Affidavit of the Defense Pursuant to the Request of the Court, dated January 21, 2011 ("Defs.' Aff."), Ex. A (Dkt. No. 4). Einhorn recorded the mortgage in the Office of the City Register in New York County on November 6, 2006, and initiated foreclosure proceedings on the Property in state Supreme Court. Id. Ex. D, at 1. The state court entered a judgment of foreclosure and sale on October 22, 2008, and a court-appointed referee sold the Property at a public auction to Einhorn, the highest bidder, on April 14, 2010. Id. Ex. D, at 1, 3-4. Einhorn assigned the

1

USDC SDNY
DATE SCANNED 2/10/11

property to 276 W 113 LLC ("the Company") on that date, and the Company currently holds title to the Property under a referee's deed. Id. Ex. D, at 1, 3-4.

About a year after the judgment of foreclosure and sale on the Property was entered, on October 2, 2009, Patricia Best filed a voluntary petition for bankruptcy pursuant to Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Defs.' Aff. ¶ 5 & Ex. B. By Order dated March 11, 2010, the Bankruptcy Court dismissed the petition, concluding that "the debtor has caused unreasonable delay that is prejudicial to creditors by: a. failing to appear and be examined at the meeting of creditors . . . ; and b. failing to provide all documentation as required by the Chapter 13 trustee." Order Dismissing Chapter 13 Case, In re Patricia Best, No. 09-15946-mg (Bankr. S.D.N.Y. Mar. 11, 2010). (ECF No. 12).

On December 16, 2010, the Bests filed a notice of removal pursuant to 28 U.S.C. § 1446(a) (the "Notice of Removal") in this Court, asserting that the Foreclosure Action was "occurring in violation of the Uniform Commercial Code of 15 U.S.C. 1692."[1] Notice of Removal at 1 (Dkt. No. 1). Additionally, in a "Letter of Complaint" annexed to the Notice of Removal, the Bests assert that the Foreclosure Action violated, among other things, the FDCPA, the Truth in Lending Act ("TILA"), and their constitutional rights, and seek a stay of "all State and Civil Court Proceedings and Orders" until further order of this Court. Id. at 3. This case was referred to me for general pretrial supervision and any dispositive motions on December 21, 2010. Dkt. No. 2.

In response to the Notice of Removal, by letter dated December 22, 2010, the Company

---

[1] The Bests appear to be referring to the Fair Debt Collection Practices Act ("FDCPA"), Pub. L. No. 95-109, 91 Stat. 874 (1977) (codified as amended at 15 U.S.C. §§ 1692–1692o (2006)). Section 1692 of Title 15 sets forth the Congressional Findings and Declaration of Purpose for the FDCPA.

informed the Court that it has a holdover proceeding pending in New York City Civil Court, Housing Part to evict the Bests and contended that the Bests purport to remove the Foreclosure Action in an attempt to have this Court stay the eviction action. Letter from William Hill Grier, Esq. to the Honorable Jed S. Rakoff, dated December 22, 2010 (the "Grier Letter") at 3.[2]

By Order dated January 10, 2011, I ordered the Bests to show cause why the Foreclosure Action should not be remanded to state court pursuant to 28 U.S.C. § 1447.[3] Dkt. No. 3. On January 21, 2011, the Bests submitted an affidavit and memorandum of law in response to my Order, asserting, among other things, that (1) the Foreclosure Action was invalid; (2) their removal of the Foreclosure Action was timely; and (3) the Court has subject matter jurisdiction over the action. Defs.' Aff.; Memorandum of Law, dated January 21, 2011 (Dkt. No. 4).

## DISCUSSION

### A. This Action Must be Remanded for Lack of Subject Matter Jurisdiction

28 U.S.C. § 1441 provides for removal of all claims over which federal courts have "original jurisdiction." This means that "only state-court actions that originally could have been filed in federal court may be removed by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citations omitted). Moreover, Section 1441(b) draws a distinction between removal of cases involving federal question jurisdiction and those involving diversity of citizenship jurisdiction; it provides as follows:

---

[2] Counsel for the Company has not otherwise appeared in this action.

[3] I also ordered the Company, Einhorn's former counsel, Eric Hoberman, Esq., and the Bests' former counsel, Clover M. Barrett, Esq., to provide the Court with any information relevant to the Housing Court proceeding that took place on December 28, 2010 and any other information that might be relevant to this action. The Company did not provide the Court with any additional information. The Order to Mr. Barrett was returned as undeliverable. By letter dated January 21, 2011, Mr. Hoberman, who no longer represents Einhorn, confirmed that the foreclosure action was completed years earlier.

3

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"A district court must remand a case to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)).

The "statutory procedures for removal are to be strictly construed," Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (citations omitted), and "out of respect for the limited jurisdiction of the federal courts and the rights of states, [courts] must resolve any doubts against removability." In re Methyl Tertiary Butyl Ether Prods., 488 F.3d 112, 124 (2d Cir. 2007) (citation, internal alterations, and quotations omitted). Moreover, "[w]here, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (citations omitted).

The Bests have failed to meet that burden here, and the Foreclosure Action must be remanded pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.[4] As an initial matter, the Bests may not remove the Foreclosure Action on the basis of diversity jurisdiction

---

[4] The Bests are proceeding pro se, and therefore their submissions "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)); see also Seidemann v. Bowen, 584 F.3d 104, 118 (2d. Cir. 2009). Additionally, the Court must liberally construe the submissions and interpret them "'to raise the strongest arguments that they suggest.'" Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Pro se status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation and internal quotation marks omitted).

because the Bests, defendants in the action, are citizens of New York, and New York is the state in which the Foreclosure Action was brought. See 28 U.S.C. § 1441(b); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.") (emphasis added).

The Bests may not remove the action based on federal question jurisdiction either. Although the Bests invoke federal law—the FDCPA, TILA, and the Constitution—in their Notice of Removal and Letter of Complaint and claim that the foreclosure proceeding was unlawful, such an invocation is insufficient to establish federal question jurisdiction under 28 U.S.C. § 1331. To invoke federal question jurisdiction, the plaintiff's claims alleged in the state court action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Moreover, under the "well-pleaded complaint" rule:

> Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose.

Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 (1983); accord Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) ("[A] case will not be removable if the complaint does not affirmatively allege a federal claim.") (citations omitted).

Here, the Bests do not assert that the complaint in the Foreclosure Action alleges a federal claim; in fact, they neither refer to the complaint nor its allegations in the documents they have submitted to the Court. Instead, the apparent gravamen of the Bests' assertion of this Court's federal question jurisdiction is that they have been treated unfairly in the Foreclosure Action. "Federal question jurisdiction is not so easily invoked. Indeed, were such a sufficient

5

basis for federal question jurisdiction, federal courts would be inundated with removal cases by state court defendants who felt that their federal rights were not being observed by state court judges." Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 9 (E.D.N.Y. 2005) (citation omitted) (no subject matter jurisdiction over removed foreclosure action where defendant contends that removal is necessary because foreclosure action violated her federal civil and constitutional rights); see also Kalamas v. Consumer Solutions Reo, LLC, No. 09 Civ. 5045 (SJF), 2010 WL 4811894, at *5 (E.D.N.Y. Nov. 17, 2010) (no subject matter jurisdiction over removed holdover proceeding initiated after defendant refused to leave foreclosed upon property where defendant contends that removal is necessary because holdover proceeding violates the FDCPA, TILA, and his constitutional rights).

Additionally, to the extent the Bests assert that the Foreclosure Action and subsequent sale of the Property violated the automatic stay in Patricia Best's subsequently dismissed Chapter 13 bankruptcy proceeding, this assertion does not provide this Court with federal question jurisdiction because whether the Foreclosure Action and "referee's sale of the subject premises violated the automatic bankruptcy stay provision . . . involves a straight application of the statute to the facts of this case, without the necessity for any interpretation or construction of the meaning, validity or effect of that law." Kalamas, 2010 WL 4811894, at *5 (citing Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 700-01 (2006) and Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314-15, (2005)).[5]

---

[5] In any event, the claim is meritless as the state Supreme Court entered the judgment of foreclosure and sale on October 22, 2008, nearly a year before Patricia Best even filed her bankruptcy petition and thus triggered the operation of the automatic stay under 11 U.S.C. § 362(a)(1). Defs.' Aff. Ex. D, at 1. The judgment of foreclosure and sale therefore extinguished the Bests' interest in the Property on October 22, 2008 before the automatic stay went into effect. See, e.g., Darnley v. Ameriquest Mortg. Co., No. 06 Civ. 4265 (DLI), 2010 WL 118143, at *2 (E.D.N.Y. Jan. 8, 2010) (citing In re Butchman, 4 B.R. 379, 381 (Bankr. S.D.N.Y. 1980)) (where

Finally, the Rooker-Feldman abstention doctrine prohibits this Court from exercising subject matter jurisdiction over this suit. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Rooker-Feldman doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Federal review of foreclosure actions such as the one at issue here are routinely barred by the Rooker-Feldman doctrine. See, e.g., Ashby v. Polinsky, 328 F. App'x 20, 21 (2d Cir. 2009) (summary order); Garvin v. Bank of New York, 227 F. App'x 7, 8 (2d Cir. 2007) (summary order); Kalamas, 2010 WL 4811894, at *6; Swiatkoski, 395 F. Supp. 2d at 9, aff'd 160 F. App'x 30, 32 (2d Cir. 2005).

Accordingly, because the Bests have failed to meet their burden of establishing the Court's subject matter jurisdiction over this action, I recommend that the Court remand it pursuant to 28 U.S.C. § 1447(c).

**B.     The Notice of Removal Is Untimely**

Even if this Court had subject matter jurisdiction over this action, it would nevertheless have to be remanded because removal was untimely. 28 U.S.C. § 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed within thirty

---

chapter 13 debtor filed petition six weeks after entry of judgment of foreclosure and sale, debtor had no rights in foreclosed upon property and therefore there was no automatic stay in place preventing auction sale of property). Where, as here, "a debtor's legal and equitable interests in property are terminated prior to the filing of the petition with the Bankruptcy Court that was intended to preserve the debtor's interest in such property, the Bankruptcy Court cannot then cultivate rights where none can grow." Id. (citations omitted). Accordingly, neither the judgment of foreclosure and sale nor the subsequent auction of the Property violated the automatic stay provisions of the Bankruptcy Code.

7

days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court, and is not required to be served on the defendant, whichever period is shorter.

The Bests do not dispute that the Foreclosure Action was filed on November 6, 2006. Although the Bests make the conclusory statement that "[s]ervice in the onset of this matter was defective," Defs.' Aff. at 1, they provide no further information regarding this statement; nor do they seek to substantiate it. Moreover, there is no doubt that the Bests received a copy of the initial pleading in the Foreclosure Action as the Bests retained a lawyer on February 5, 2007 to defend them in the action. Grier Letter Ex. C, at 1. Indeed, the Amended Judgment of Foreclosure and Sale provides that Harriet Best filed an Answer and Counterclaim dated February 8, 2007. Defs.' Aff. Ex. E. Even assuming that the Bests did not receive a copy of the initial pleading in the Foreclosure Action until early January 2007 before they retained a lawyer, they did not file a Notice of Removal in this Court until December 16, 2010, years beyond the 30 days provided for in Section 1446(b). Accordingly, the Notice of Removal is not timely and the Court should remand the action to state court on this ground as well. See, e.g., Kalamas, 2010 WL 4811894, at *3; Swiatkoski, 395 F. Supp. 2d at 8; Citibank, N.A. v. McGuirl, 888 F. Supp. 39, 41 (S.D.N.Y. 1995) (rejecting defendants' attempt to relitigate propriety of foreclosure by way of removal to federal court three years after foreclosure).

## CONCLUSION

For the reasons stated herein, the Court should remand this action to state court.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

8

objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See Thomas v. Arn, 474 U.S. 140, 154 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) (citing Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) and Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If Plaintiff does not have access to cases cited herein that are reported on LEXIS/WESTLAW, he should request copies from Defendants' counsel. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (noting that the Court may ask opposing counsel to provide to a pro se litigant copies of decisions that are available electronically).

Dated: New York, New York
   February 10, 2011

_____
JAMES L. COTT
United States Magistrate Judge

Copies sent by mail to

Harriett E. Best
Patricia Best
276 West 113th Street, 1R
New York, NY 10026

Jonathan Einhorn
c/o Eric S. Hoberman, Esq.
Kriss & Feuerstein, LLP
360 Lexington Ave., Suite 1300
New York, NY 10017

Ira Levinas
c/o Wilmer Hill Grier, Esq.
823 Jefferson Avenue
Brooklyn, NY 11221

Hon. Jed S. Rakoff